**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

IN RE:

WILLIAM MACK CUTTS                                    CASE NO.: 3:08-bk-2733-JAF

                  Debtor.
_____/

**SECOND AMENDED CHAPTER 13 PLAN**

The Debtor submits the following Chapter 13 Plan:

1.  The future earnings of the Debtor are submitted to the supervision and control of the Bankruptcy Court, and the Debtor shall pay to the trustee the sum of **$1,047.00** per month for a period of **SIXTY (60)** months.

2.  From the payments so received, the trustee shall make disbursements as follows:

A.  <u>PRIORITY CLAIMS</u>

(1) The fees and expenses of the trustee shall be paid over the life of the Plan as set by the United States Trustee.

(4) The Debtor owes the **INTERNAL REVENUE SERVICE** for income taxes in the amount of **$7,336.54**, which the trustee shall pay at the rate of **$122.28** per month for months 1-60 in full satisfaction of any and all priority claims this creditor may have against the Debtor up until the time of the filing of the bankruptcy petition on May 15, 2008.

B.  <u>SECURED CLAIMS</u>

(1) **ATLANTIC COAST BANK** (Acct. No. xxxx2279) holds a first mortgage on the Debtor's residence in the total amount of **$357,108.98**.  The Debtor intends to surrender his interest in this property in full satisfaction of this creditor's claim.

(2) **ATLANTIC COAST BANK** (Acct. No. xxxx9397) holds a second mortgage on the Debtor's residence in the total amount of **$30,671.91**.  The Debtor intends to surrender his interest in this property in full satisfaction of this creditor's claim.

(3) **JAX METRO CREDIT UNION** (Acct. No. xx1010) holds a lien on the Debtor's 2003 GMC Yukon in the amount of **$22,817.00**.  The Debtor intends to surrender his interest in this collateral in full satisfaction of this creditor's claim.

(4) **VYSTAR CREDIT UNION** (Acct. No. xxxxxxxx6476) holds a lien on the Debtor's 2004 Lexus LS 430 in the amount of **$31,040.39**, which the trustee shall pay at the rate of **$614.64** (at 7%) per month over the life of the plan to pay this creditor in full satisfaction of this debt.  If this creditor receives adequate protection payments by Court Order at any amount in excess of the **$614.64** provided in this Plan, then the unsecured creditors and perhaps secured creditors may not receive scheduled distribution payments from the trustee after confirmation of Debtor's Chapter 13 Plan for several months due to the amount paid to this creditor during the interim period prior to confirmation.  The total to be paid to this creditor over the life of the plan is **$36,878.22**.

C. <u>UNSECURED CLAIMS</u>.    Unsecured creditors, including those secured creditors who have deficiency claims or whose liens have been avoided, who timely file claims shall receive distribution pro-rata. The Trustee shall distribute **$205.23** per month over the life of the plan to said unsecured creditors. The total to be paid to the unsecured creditors shall be **$12,313.80**.

3.   Any claims filed after the claims bar date as provided in the Notice of Commencement (180 days from date of debtor's filing for governmental units) shall receive no distribution under this plan unless specifically provided for above.

4.   To satisfy the requirements of Section 365 of the Bankruptcy Code, and unless specifically noted elsewhere, the Debtor expressly assumes all unexpired leases and executory contracts to which he is a party, including the residential property lease with Braddy & Associates.

5.   Except as provided for in the Plan, the order confirming the plan or other court order, no interest, late charges, penalties or attorneys' fees will be paid to or assessable by any creditor. Once the Debtor successfully completes the Plan and a discharge is entered by the Court, no creditor will be allowed to add late charges, penalties, interest or attorneys fees from the beginning of time through the date of discharge.

6.   Any post-petition costs or expenses incurred by or on behalf of any secured creditor will be discharged upon the Debtor's completion of the plan, unless specifically provided for in the Confirmation Order, or by further order of Court on motion filed prior to completion of plan.

7.   Confirmation of this Plan shall impose an affirmative duty on the holders and/or the servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtor to do all of the following:

(a)   To apply the payments received from the trustee on the pre-petition arrearages, if any, only to such arrearages. For purposes of this plan, the "pre-petition" arrears shall include all sums included in the "allowed" proof of claim and shall have a "0" balance upon the entry of the Discharge Order in this case.

(b)   To deem the pre-petition arrearages as contractually current upon the confirmation of the plan, thereby precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.

(c)   To apply the direct post-petition monthly mortgage payments paid by the trustee or by the Debtor to the month in which each payment was designated to be made under the plan or directly by the Debtor, whether or not such payments are immediately applied by the creditor to the outstanding loan balance or are placed into some type of suspense, forebearance or similar account.

8.   Title to all property of the estate shall revest in the Debtor upon the Court signing an Order Discharging the Debtor.

DATED this 25th day of June, 2008.

FRIEDLINE & McCONNELL, P.A.

/s/ Jerrett M. McConnell

_____

RODGER J. FRIEDLINE.
FL BAR NO. 0813788
JERRETT M. MCCONNELL
FL BAR NO. 0244960
1756 University Blvd. S.
Jacksonville, FL 32216
(904) 727-7850
Attorneys for Debtor